IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00307-MR

| | |
|---|---|
| **JASON RUSSELL SULLIVAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **MECKLENBURG COUNTY, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1], and "Demand" [Doc. 9] in which he seeks reimbursement for a filing fee overpayment.[1]

**I.  BACKGROUND**

The *pro se* Plaintiff filed a 73-page Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was a pretrial

---

[1] On August 3, 2021, the Court ordered full payment of the filing fee from the Plaintiff's South Carolina inmate account.

detainee at the Mecklenburg County Detention Center.[2] He is presently a pretrial detainee on pending South Carolina charges.[3]

On February 25, 2021 in South Carolina Case No. 2020GS2307835A, and on March 11, 2021 in South Carolina Case No. 2019A2320400211, a South Carolina state court judge ordered the Plaintiff to be evaluated for competency. On June 9, 2021, in Case No. 2019A2320400211, the Plaintiff was found to be incompetent and was ordered to be committed for up to 60 days.

The Plaintiff filed his Complaint in the instant case on June 20, 2021.[4] The Plaintiff's current address of record is at the South Carolina Department of Mental Health ("SCDMH").

---

[2] According to the Mecklenburg County Sheriff's Office website, the Plaintiff was arrested in Mecklenburg County on October 31, 2019 on several charges, including being a fugitive from another State. See https://mecksheriffweb.mecklenburgcountync.gov/Arrest (last accessed Dec. 16, 2021); Fed. R. Evid. 201.

[3] The Plaintiff has pending charges in the Greenville County Thirteenth Judicial Circuit for stalking, Case No. 2020GS2307835A, and first-degree harassment Case No. 2019A2320400211. See https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last accessed Dec. 16, 2021); https://app.greenvillecounty.org/inmate_search.htm (last accessed Dec.16, 2021).

[4] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

The Plaintiff has also filed a "Demand" [Doc. 9] in which he argues that the $350 filing fee has already been paid, and that the Plaintiff also paid $10 for a copy of the Court's Local Rules.

## II. DISCUSSION

It is well settled that an incompetent plaintiff cannot proceed without counsel in a civil action. See generally Myers v. Loudoun Cnty. Pub. Schools, 418 F.3d 395, 401 (4th Cir. 2005); see also 28 U.S.C. § 1915A (requiring screening and dismissal of a prisoner's complaint, or any portion of it, as frivolous or for seeking monetary relief from an immune defendant).

It appears as though the *pro se* Plaintiff had been found incompetent by the South Carolina court at the time he filed the Complaint in the instant case. Further, the Complaint largely relates to the conduct of individuals who are not named as Defendants in this action and is so lengthy as to be abusive. See generally Fed. R. Civ. P. 8(a) (requiring a short and plain statement of the claims); Fed. R. Civ. P. 10(a) (requiring the defendants to be named in the caption); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss individuals who were not named as defendants in the compliant but who were served).

Accordingly, the Plaintiff will be required to amend the Complaint within 30 days of this Order, along with documentation demonstrating that he has now been found competent by a South Carolina state court. The Amended Complaint shall not exceed 25 pages in length, including any supporting memorandum, absent prior leave of Court. The Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. The failure to timely comply with this Order will likely result in this action's dismissal without prejudice and without further notice to the Plaintiff.

The Plaintiff's Demand regarding the $350 filing fee and $10 payment for the Court's local rules is denied, as the Court's records reflect that no such payments have been received.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. The Plaintiff must file documentation along with the Amended Complaint demonstrating that he has now been found competent to proceed by the South Carolina court. If Plaintiff fails to comply with this Order within the

4

Case 3:21-cv-00307-MR   Document 12   Filed 01/05/22   Page 4 of 5

time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The "Demand" [Doc. 9] is construed as a Motion for Reimbursement of the Filing Fee and is **DENIED**.

4. The Clerk is respectfully instructed to mail Plaintiff a blank § 1983 form.

**IT IS SO ORDERED**.

Signed: January 5, 2022

Martin Reidinger
Chief United States District Judge