IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00307-MR

| | |
|---|---|
| JASON RUSSELL SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MECKLENBURG COUNTY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's filing of a pro se Amended Complaint [Doc. 15].

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Mecklenburg County Detention Center. [Doc. 1]. He is presently a pretrial detainee in South Carolina.[1] On January 5, 2022, the Court issued an Order finding that the Complaint was abusive, and that it appeared that the Plaintiff had been found incompetent by a South Carolina court. [Doc. 12]. Accordingly, the Court dismissed the Complaint without prejudice for the Plaintiff to amend within 30 days, and to provide documentation demonstrating that he has been found competent to

---

[1] See https://app.greenvillecounty.org/inmate_search.htm (last accessed March 7, 2022).

proceed. [Id.]. He was cautioned that the failure to timely comply with the Order would result in this action's dismissal without prejudice and without further notice. [Id.].

On February 18, 2022, having received no Amended Complaint, the Court dismissed this action without prejudice. [Doc. 13].

On March 2, 2022, the Court received an Amended Complaint that is dated January 4, 2022, and is post-marked February 25, 2022. [Doc. 15]. In a Letter, also dated January 4, 2022, the Plaintiff refers to the Court's order to amend, and he has enclosed an Order, dated August 13, 2021, from a South Carolina state court purportedly permitting him to proceed *pro se* in a criminal action. [Doc. 15-1 at 1-2].

Under the prisoner mailbox rule, a prisoner's pleading is considered to be filed with the court as of the date the prisoner certifies that he deposited the pleading in the prison's outgoing mail to the court. See United States v. Scott, 161 F.3d 5 (4th Cir. 1998) (citing Houston v. Lack, 487 U.S. 266, 275 (1988)). The Plaintiff does not receive the benefit of the prisoner mailbox rule because he has plainly post-dated his Amended Complaint. Instead, the Court will rely on the postmark date of February 25, 2022, which is well beyond the February 4, 2022 deadline to amend. Accordingly, the Amended Complaint is dismissed without prejudice and this case will remain closed.

2

Case 3:21-cv-00307-MR   Document 16   Filed 03/08/22   Page 2 of 3

The Plaintiff is cautioned that falsifying documents or misrepresenting matters to the Court may result in the imposition of sanctions.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 15] is **DISMISSED WITHOUT PREJUDICE** and this case shall remain closed.

**IT IS SO ORDERED**.

Signed: March 8, 2022

Martin Reidinger
Chief United States District Judge

3

Case 3:21-cv-00307-MR   Document 16   Filed 03/08/22   Page 3 of 3